United States Courts
Southern District of Texas
ENTERED

MAY 2 3 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS HINOJOSA-LUVIANO, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-04-4440 |
| § | | |
| JOHN ASHCROFT, TOM RIDGE, § | | |
| and MICHAEL D. MCMAHON, § | | |
| Respondents. § | | |

## MEMORANDUM OPINION AND ORDER

Carlos Hinojosa-Luviano, represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents submitted a motion for summary judgment (Docket Entry No. 2), to which petitioner filed a response and a motion to dismiss (Docket Entries No. 6, 7). After consideration of the pleadings, the motions and response, the relevant court records, and the applicable law, respondents' motion for summary judgment is **GRANTED**, petitioner's motion to dismiss is **DENIED**, and this lawsuit is **DISMISSED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

The background and procedural history of this case are not at issue. The pleadings and record reveal that petitioner, a native of Mexico, was given permanent alien resident status in the United States in 1990. One year later, he was convicted of aggravated sexual assault of two children in two different incidents, and placed on community supervision for ten years. He successfully completed his community supervision. In November of 1999,

1

an immigration judge entered an order of removal against petitioner due to the criminal convictions. Following an intervening appeal and remand on jurisdictional grounds, the immigration judge granted petitioner's request for a waiver of removal pursuant to (former) section 212(c) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(c). The Board of Immigration Appeals (the Board) subsequently vacated the order granting waiver relief, thereby reinstating the removal order. This Court subsequently granted a temporary stay of the removal order on December 17, 2004. (Docket Entry No. 5.)

In this pending petition for federal habeas relief, petitioner requests the Court to vacate the removal order, and either grant waiver relief or remand the case to the Board with instructions. Respondents move for summary judgment, and argue that the Court lacks subject matter jurisdiction because petitioner fails to state either a pure question of law or a cognizable constitutional issue. Petitioner requests the Court to dismiss the motion for summary judgment.

## II. ARGUMENTS

Respondents contend that the Court lacks subject matter jurisdiction to consider this § 2241 petition because the denial of a waiver of removal is a discretionary matter outside the scope of collateral review under § 2241, and petitioner fails to state either a pure statutory question of law or a cognizable constitutional issue. Petitioner disagrees, and argues that his complaint is against not the Board's discretionary decision, but its exercise of power *ultra vires* to its statutory and regulatory authority in requiring him to show "unusual or outstanding equities" to merit consideration for relief.

2

In its written decision denying petitioner waiver relief, the Board held that,

> An application for discretionary relief under section 212(c) of the Act necessitates a balancing of the adverse factors of record evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of relief is in the best interest of this country. [Citation omitted.] In cases where the negative factors are particularly serious, *an alien will have to show unusual or outstanding equities* to offset the negative factors. *See Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988).
>
> * * * *
>
> In light of the seriousness of [petitioner's] crimes and lack of rehabilitation, we must conclude that on balance, he failed to establish unusual or outstanding equities. Consequently, we find it appropriate to deny [him] relief under section 212(c) of the Act as a matter of discretion.

(Docket Entry No. 2, Attachment – Decision of the Board of Immigration Appeals, emphasis added, footnote omitted.)

Petitioner asserts that by employing this "unusual or outstanding equities" standard in denying him waiver relief, the Board's action was not a discretionary decision but rather an arbitrary one utilizing an inconsistently-applied standard for legal eligibility beyond the Board's statutory and administrative authority. He urges this Court to "pull a rogue agency [*i.e.*, the Board] back into compliance with the laws of the land and proper respect [*sic*] for its co-equal branches of government." (Docket Entry No. 7, p. 9.)

### III. ANALYSIS

Petitioner proceeds here subject to 28 U.S.C. § 2241, which provides for the grant of habeas relief to a prisoner if, *inter alia*, he is held "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also

3

*Nguyen v. District Director, Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 260 (5th Cir. 2005). Thus, the threshold question here is whether petitioner has set forth a violation of his constitutional rights or the laws of the United States.

Under Section 212(c) of the Act, an alien who has been ordered removed due to certain criminal convictions and who meets certain statutory requirements may apply for discretionary relief from the removal order. The granting of such relief is purely discretionary, and neither relief from removal under discretionary waiver nor eligibility for such discretionary relief is entitled to any due process protection. *Nguyen*, 400 F.3d at 529. *See also INS v. St. Cyr*, 533 U.S. 289, 325 (2001) (recognizing that right to relief from removal is distinct from right to *seek* such relief in constitutionally protected proceedings, the latter being a potentially protected right while the former is not). Although a federal district court may retain habeas jurisdiction to review statutory challenges and constitutional claims, it has no jurisdiction to review denials of discretionary relief. *Bravo v. Ashcroft*, 341 F.3d 590, 592 (5th Cir. 2003). Federal habeas review under § 2241 remains limited to errors of law. *St. Cyr*, 533 U.S. at 306-07. Accordingly, this Court cannot consider any factual issues, or review the Board's discretionary denial of petitioner's waiver request.

Petitioner, in an effort to raise the prerequisite pure question of law, asserts a right to seek § 2241 relief based on the Board's alleged use, and inconsistent application, of the arbitrary and *ultra vires* "unusual or outstanding equities" standard in determining his eligibility for waiver relief. Critically absent from his effort, however, is reference to any legal authority supporting his position that the Board's standard, judicially extant for nearly

4

twenty years, violated his constitutional rights or exceeded the Board's statutory and administrative authority. Reduced to its final form, petitioner's argument is nothing more than his disagreement with the Board's exercise of its discretionary powers to deny him relief, and fails to raise a cognizable claim for which § 2241 relief is warranted.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Docket Entry No. 2) is **GRANTED**.

2. Petitioner's motion to dismiss (Docket Entries No. 6, 7) is **DENIED**.

3. The temporary stay of removal (Docket Entry No. 5) is **LIFTED**.

4. All other pending motions are **DENIED AS MOOT**.

5. The petition for a writ of habeas corpus is **DISMISSED** with prejudice.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this 23rd day of May, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE